KAIMAN REALTY, INC., a Hawaii corporation, Plaintiff-Appellant, Cross-Appellee, *v.* DUNCAN WILLIAM CARMICHAEL, WILLIAM LANGAS, and ROBERT GEORGE MORROW, Defendants-Appellees, Cross-Appellants

NO. 7431

(CIVIL NO. 3987)

DECEMBER 29, 1982

RICHARDSON, C.J., LUM, NAKAMURA, JJ., AND RETIRED JUSTICES OGATA AND MENOR ASSIGNED TEMPORARILY

*Per Curiam.* In an action for specific performance, under an agreement of sale, filed by the plaintiff-appellant Kaiman Realty against defendants-appellees Carmichael, Langas, and Morrow, the trial court denied specific performance but granted other relief. The trial court determined that time was of the essence and that the buyer, Kaiman Realty, had failed to perform in a timely fashion. Accordingly, it denied Kaiman Realty's request for specific performance. The intermediate court of appeals affirmed the court's

denial of specific performance but reversed and remanded for further consideration of the lower court's order requiring the defendants-appellants, as sellers, to refund the cash deposits made by the plaintiff-appellant, as buyer, and dismissing the defendants-appellants' counterclaim. *Kaiman Realty, Inc. v. Carmichael,* 2 Haw. App. 499, 634 P.2d 603 (1981). This court granted certiorari, essentially for the purpose of clarifying the impact of *Jenkins v. Wise,* 58 Haw. 592, 574 P.2d 1337 (1978), on "time of the essence" clauses in agreements of sale.

In *Jenkins,* which involved an action by the sellers seeking to cancel certain agreements of sale and for damages, the defendant purchasers framed the primary question on appeal as follows: "Does the State of Hawaii follow the traditional rule providing for strict forfeiture of a vendee's rights for a delay in making installment payments under an installment land sales contract, or does the State of Hawaii follow the modern, and majority, rule providing for a balancing of the equities before granting either cancellation in favor of the vendor, or specific performance in favor of the vendee?" In *Jenkins,* this court opted for the more equitable rule.

In their suit for cancellation the sellers in *Jenkins* had relied upon the following provisions of the agreements:

*Time of the Essence:*  Time is specifically declared to be of the essence of this Agreement, and of all acts required to be done and performed by Buyer, including, but not limited to, the payment by Buyer of each, every and all of the sums and items required by the terms hereof to be paid.

Upon the occurrence of any default, as defined in paragraph 17 hereof, and the continuance of such default for a period of thirty (30) days or more, Seller may take either or any of the following courses of action, at his option:

*Cancellation and Repossession:*  Seller may cancel and render void all right, title and interest of Buyer in this Agreement, and in the premises, by giving written notice of such action to the Buyer in the manner provided in paragraph 22 hereof. In such event, Seller (1) may retain all payments of principal and interest made by Buyer hereunder, as the consideration for Seller's execution of this Agreement, and as the agreed rental for the use and possession of the premises during Buyer's occupancy thereof; . . .

After a jury-waived trial, the court entered its findings of fact and conclusions of law. In its principal conclusion of law, the trial court wrote:

The defendants are in default under the terms of said Agreements of Sale and plaintiffs have the right to cancel the Agreements and to regain possession of the real property described therein. Where time is of the essence of the contract, a default in payment within or at the time specified entitled the vendor to a rescission or a forfeiture of the contract, in the absence of circumstances rendering such results inequitable. The Court concludes under the facts of this case that the failure to pay the interest and principal due, coupled with a failure to pay the real property taxes and to maintain insurance on the improvements, as provided in the contract, warrants rescission of the contract.

This court found, on the facts of that case, that the trial judge erred in ordering the cancellation of the agreements of sale and in denying the purchasers' request for specific performance. It pointed out that "where the vendee's breach has not been due to gross negligence, or to deliberate or bad-faith conduct on his part, and the vendor can reasonably and adequately be compensated for his injury, courts in equity will generally grant relief against forfeiture and decree specific performance of the agreement." 58 Haw. at 597, 574 P.2d at 1341. This court went on to say that the question of relief was for the trial court to determine and that the key factor in its determination should be whether forfeiture would be harsh and unreasonable under the circumstances. In outlining some of the factors the trial court could consider in its assessment of the circumstances, this court said that a "time is of the essence" clause is but one of these factors to be so considered. It clearly stated:

Regarding "time is of the essence" clauses in agreements of sale, we agree with the court in Rothenberg v. Follman [19 Mich. App. 383, 172 N.W.2d 845 (1969)].

58 Haw. at 597, 574 P.2d at 1341, n.3.

This court then went on to quote from *Rothenberg:*

[T]he fact that the parties have stipulated that time is of the essence is but one of the factors to be taken into consideration in determining whether equity will intervene to set aside a forfeiture. Where the forfeiture is disproportionately large and the

other facts, circumstances and equities cry out for relief, a court of equity may, nevertheless, intervene. [19 Mich. App. at 392, 172 N.W.2d at 850.]

In *Rothenberg,* the purchasers had bought the subject property under an installment contract for $40,000. A down payment of $10,000 was made by the purchasers with the balance to be paid in semi-annual installments of $1,500 plus interest. By the time of the alleged default, the purchasers had paid $32,500 of the principal and $9,319.76 in interest. The sellers by the terms of the agreement, which contained a "time is of the essence" clause, declared a forfeiture of the contract. The purchasers thereupon filed an action to set aside the forfeiture. The trial court entered a judgment setting it aside and the sellers appealed. In affirming the judgment, the Michigan court of appeals said:

The trial judge did not err in concluding that the time essence clause did not preclude him from granting equitable relief in this case. Whether time is truly of the essence, and the extent to which that should influence the judge in deciding whether to relieve against a particular forfeiture, depends upon the nature of the subject matter, the purpose and object of the contract and all other relevant facts and circumstances, not upon the skill of the draftsman. [172 N.W.2d at 851.]

We reaffirm this court's holding in *Jenkins* that a "time is of the essence" clause in an agreement of sale will not foreclose equitable relief where, absent gross negligence or bad faith conduct of the vendee, forfeiture would be harsh and unreasonable.[1] Accordingly, we reverse and remand to the trial court for a redetermination of the issue in the light of the principles laid down in *Jenkins.* In all other respects, the decision of the intermediate appellate court is left undisturbed.

*William F. Crockett (Crockett & Nakamura,* of counsel) for the writ

---

[1] In its affirmance, the intermediate court of appeals relied on Lum v. Stevens, 42 Haw. 286 (1958). But even in Lum, this court recognized that a situation may arise where, notwithstanding a contract provision making time essential, the equities would require the court to grant specific performance. 42 Haw. at 294. Nevertheless, to the extent that a conflict may be deemed to exist, the principles underlying Jenkins shall prevail.

and on the brief, for plaintiff-appellant and cross-appellee Kaiman Realty, Inc.

*Edward F. Mason (Mason & Scott,* of counsel), for defendants-appellees and cross-appellants Carmichael, respondents.