KAIMAN REALTY, INC., a Hawaii corporation, Plaintiff-Appellant, Cross-Appellee, *v.* DUNCAN WILLIAM CARMICHAEL, WILLIAM LANGAS, and ROBERT GEORGE MORROW, Defendants-Appellees, Cross-Appellants

NO. 7431

(CIVIL NO. 3987)

JANUARY 31, 1983

LUM, ACTING C.J., NAKAMURA, J.,
RETIRED JUSTICES OGATA AND MENOR,
ASSIGNED TEMPORARILY*

*Per Curiam.* Defendants-appellees Carmichael, et al., have filed a timely motion seeking reconsideration of this court's opinion in *Kaiman Realty, Inc. v. Carmichael,* 65 Haw. 637, 655 P.2d 872 (1982). Although we decline to grant the specific relief requested in the motion for reconsideration, it brings to this court's attention additional worthwhile considerations which were not addressed in this court's previous opinion. The motion suggests that the type of land purchase contracts sought to be enforced in the instant case, namely, Deposit, Receipt, Offer and Acceptance contracts (DROA contracts) may differ significantly from the standard "agreement of sale"

---

* Chief Justice Richardson, who signed the original opinion in this case, retired from the court on December 30, 1982.

prevalent in this jurisdiction, and that these differences may be highly relevant when a trial court attempts to apply the equitable standards laid down in *Jenkins v. Wise,* 58 Haw. 592, 574 P.2d 1337 (1978), for purposes of determining whether specific performance of a land purchase contract should be granted. Movants point to M. Cane, *Equity and Forfeiture in Contracts for the Sale of Land,* 4 U. Hawaii L. Rev. 61 (1982), wherein it is stated that most DROA contracts are short-term contracts involving escrow accounts, under which equitable ownership and the risks of ownership are not immediately transferred to the purchaser, as contrasted to the usual agreement of sale, which is often a longer-term contract under which equitable ownership is immediately transferred to the purchaser.

In *Jenkins v. Wise, supra,* this court prohibited the inequitable forfeiture of a purchaser's equitable ownership under a land purchase contract. It may be that under many or most short-term DROA contracts, the purchaser's immediate equitable interest is so slight that it would not be inequitable to deny all relief to the purchaser upon a showing of the purchaser's default. Also, a "time is of the essence clause" could carry relatively substantial weight upon default under a short-term DROA contract. However, the title of the land purchase contract, whether DROA or agreement of sale, is not itself dispositive. The trial court should examine the specific land purchase terms and ask the basic question whether an inequitable forfeiture would occur, applying the general principles laid down in *Jenkins v. Wise.*

The other matters raised in the motion for reconsideration may be addressed by the trial court upon remand. The case is remanded for further proceedings consistent with this court's previous opinion as supplemented by this opinion.

*Edward F. Mason (Mason and Scott,* of counsel) for the motion.