TITLE GUARANTY ESCROW SERVICES, INC., a Hawaii corporation, Plaintiff-Appellee,
v.
MICHAEL J. SZYMANSKI, Defendant/Cross-Claimant/Third-Party Plaintiff/Cross-Claim Defendant/Third-Party Counterclaim Defendant-Appellant,
WAILEA RESORT COMPANY, LTD., a Hawaii corporation, Defendant/Cross-Claim Defendant/Cross-Claimant-Appellee,
ADOA-SHINWA DEVELOPMENT CORPORATION, a Hawaii corporation, and SHINWA GOLF HAWAl'l CO., LTD., a Hawaii corporation, Third-Party Defendants/Third-Party Counterclaimants-Appellees,
JOHN DOES 1-50, JANE DOES 1-50, DOE PARTNERSHIPS 1-50, DOE ENTITIES 1-50 DOE GOVERNMENTAL UNITS 1-50, Defendants-Appellees.
No. 27254
Intermediate Court of Appeals of Hawaii.
April 27, 2009.
On the briefs:
James T. Paul, Judy A. Tanaka, and Colin A. Yost, (Paul Johnson Park & Niles), for Defendant/Cross-Claimant/Third-Party Plaintiff/Cross-Claim Defendant/Third-Party Counterclaim Defendant-Appellant.
Bruce H. Wakuzawa, Thomas A. Bush, and Mei Fei Kuo, for Defendant/Cross-Claim Defendant/Cross-Claimant-Appellee Wailea Resort Company, Ltd. and Third-Party Defendants/ Third-Party Counterelaimants-Appellees Adoa-Shinwa Development Corporation and Shinwa Golf Hawai'i Co., Ltd.

SUMMARY DISPOSITION ORDER
WATANABE, Presiding Judge, FUJISE and LEONARD, JJ.
In this interpleader action by Plaintiff-Appellee Title Guaranty Escrow Services, Inc. (TGES)[1] against Defendant/Cross-Claimant/Third-Party Plaintiff/Cross-Claim Defendant/Third-Party Counterclaim Defendant-Appellant Michael J. Szymanski (Szymanski) and Defendant/Cross-Claim Defendant/Cross-Claimant-Appellee Wailea Resort Co. (Wailea),[2] Szymanski appeals from the April 20, 2005 Final Judgment[3] entered by the Circuit Court of the Second Circuit (circuit court) in favor of Wailea.[4]
On appeal, Szymanski argues the circuit court erred in granting Wailea's motion for summary judgment (MSJ) and denying Szymanski's partial motion for summary judgment (PMSJ) for the following reasons:
1) There were genuine issues of material fact that should have prevented the grant of the MSJ, namely:
a) whether The Resolution and Collection Corporation (RCC) mortgage on the subject property would be released after June 30, 2001,
b) whether Wailea caused Szymanski "to have reasonable grounds for insecurity from early March 2001 forward, such that Szymanski's time to perform was deferred at all times prior to his tender of the full purchase price;"
c) whether Wailea was in breach of the "Land Sales Contract (SF-S)" as amended (Contract) on March 30, 2001 and July 26, 2001 and was thus not entitled to cancel the Contract;
d) whether Wailea's actions hindered Szymanski's efforts to secure financing, especially around and/or after July 13, 2001;
e) whether Szymanski performed within a reasonable time under the totality of the circumstances; and
f) whether Wailea, by its conduct, had waived the "time is of the essence" provision of the Contract, excusing Szymanski's failure to perform in a timely manner.
2) The denial of the PMSJ was erroneous because the undisputed evidence demonstrated that
a) Wailea breached its contractual obligations and was not entitled to cancel the Contract and
b) Wailea was obliged to accept Szymanski's tender of the purchase price after the institution of the instant lawsuit because Wailea's wrongful conduct deferred Szymanski's time for performance; and
c) The circuit court erred in interpreting the Contract to limit Szymanski's remedies for Wailea's failure and refusal to convey good and marketable title to cancellation and the return of Szymanski's deposits.
In accordance with Hawai'i Rules of Appellate Procedure Rule 35, and after carefully reviewing the record and the briefs submitted by the parties and duly considering and analyzing the law relevant to the arguments and issues raised by the parties, we resolve Szymanski's points as follows.
Szymanski's first three points on appeal are premised on his position that, at the time he brought his cross-claim, he had fully performed his obligations under the Contract. It was his position that his performance after this lawsuit was filed, was timely because (1) Wailea had waived the "time is of the essence" clause in the Contract, and (2) the failure of Wailea to perform its obligations under the Contract (a) gave him "reasonable grounds for insecurity," excusing his failure to perform by the Contract deadline or by the extension set by Wailea and (b) prevented Wailea from unilaterally terminating the Contract.
"[O]rdinarily a contract for the sale of land containing a clause that `time is of the essence' must be performed by the date fixed in the contract or the contract is no longer viable." Kalinowski v. Yeh, 9 Haw. App. 473, 480, 847 P.2d 673, 677-78 (1993) quoting Kimm v. Andrews, 270 Md. 601, 612, 313 A.2d 466, 472 (1974) (emphasis omitted). Szymanski does not argue, nor have we found, any authority for the proposition that an extension of time, standing alone, is sufficient to establish a waiver of a time is of the essence clause. Szymanski does not point to any explicit waiver of the clause by Wailea and it is undisputed that each of the letters extending the deadline set another deadline, no more than two to three weeks in the future. Szymanski acknowledged that Wailea "made it clear that it would not agree to any later closing date" beyond July 13, 2001. "There can be no waiver unless it is intended by one party and so understood by the other, or unless one party has acted so as to mislead the other." Fairview Developers, Inc. v. Miller, 187 N.C. App. 168, 173, 652 S.E.2d 365, 368 (2007) (quoting Klein v. Avemco Ins. Co., 289 N.C. 63, 68, 220 S.E.2d 595, 599 (1975) (internal quotation marks omitted)) (summary judgment properly granted to seller; no waiver of time is of the essence clause where seller granted extensions of the inspection period and allowed a two-day deferral of the closing date but did not agree to a 30-day extension of the closing date and accepted additional earnest money after the closing date had expired). Under these undisputed facts, the circuit court did not err when it found that Wailea did not waive the time is of the essence term of the Contract.
Wailea did not give Szymanski "reasonable grounds for insecurity" under Romig v. deVallance, 2 Haw. App. 597, 637 P.2d 1147 (1981). Assuming Romig applies to a land sales contract, Szymanski has failed to show, as a matter of law, that the matters he relies upon gave him "reasonable grounds for insecurity." Neither alleged encroachment qualified as reasonable grounds for insecurity. The rock wall encroachment was removed before the July 13, 2001 closing date. The position of the hollow tile wall constituted a de minimis structure position discrepancy and, therefore, as a matter of law, was not an encroachment. See Hawaii Revised Statutes (HRS) §§ 669-11 and 669-12 (Supp. 2000). As for the RCC mortgage, Szymanski failed to raise a genuine issue of material fact. There is no evidence that Szymanski demanded adequate assurances after June 30, 2001 and prior to the July 13, 2001 closing date. The undisputed evidence shows that RCC was willing to release its mortgage if the sale closed by July 13, 2001 and the title policy and release of mortgage were conditions to closing. Therefore, Szymanski's purported concerns about the release do not excuse his failure to tender funds to escrow on or before the July 13, 2001 closing date.
We need not decide whether Wailea breached the Contract after the July 13, 2001 closing date passed, because the Contract had expired of its own accord. See Kalinowski, 9 Haw. App. at 480, 847 P.2d at 677; see also Joseph v. MTS Inv. Corp., 964 So. 2d 642, 650 (Ala. 2006) and Galdiie v. Darwish, 113 Cal. App. 4th 1331, 1338, 7 Cal. Rptr. 3d 178, 182 (Cal. Ct. App. 2003) (quoting Pitt v. Mallalieu, 85 Cal. App. 2d 77, 81, 192 P.2d 24, 27 (1948)) ("Upon his failure to make payment the vendee committed a breach, and no affirmative act by the vendor was necessary to terminate the vendee's right of enforcement.") (internal quotation marks omitted).
Finally, Szymanski failed to present any evidence supporting his assertion that he was entitled to specific performance in order to avoid an unjust forfeiture in this case. Contrary to Szymanski's argument on appeal, he presented no evidence that he was ready, willing, and able to close the transaction on July 13, 2001 or any arguably reasonable time thereafter. At best, Szymanski presented evidence that he had discussed financing with a number of potential lending sources. Evidence that Szymanski was able to obtain financing more than a year later does not raise a genuine issue of material fact in this case.
The Hawai'i case law relied on by Szymanski is inapposite. In Jenkins v. Wise, 58 Haw. 592, 574 P.2d 1337 (1978), the buyers under an Agreement of Sale were already vested with the equitable and beneficial ownership of the property and had already paid a substantial portion of the purchase price. Id. at 596, 602, 574 P.2d at 1340-41, 1344. In Kaiman Realty, Inc. v. Carmichael, 2 Haw. App. 499, 501-02, 634 P.2d 603, 606-07 (1981), the escrow company was not ready to close the subject transaction on the specified closing date, but the buyers delivered all necessary funds and documents to escrow within three days thereafter and, but for the sellers' refusal to proceed, the transaction would have closed within four days of the original closing date. Under these circumstances, which are markedly different than the case at bar, the Hawai'i Supreme Court, on review in Kaiman Realty, 65 Haw. 637, 639, 655 P.2d 872, 874 (1982), concluded that a time is of the essence clause will not foreclose equitable relief. As no such circumstances are present in this case, we conclude that the circuit court did not err in granting summary judgment.
Therefore, the April 20, 2005 Final Judgment is affirmed.
NOTES
[1] Plaintiff-Appellee Title Guaranty Escrow Services, Inc. (TGES) is not a party to this appeal.
[2] On October 3, 2002, Szymanski filed a Third-Party Complaint Against ADOA-SHINWA Development Corporation and Shinwa Golf Hawai'i Co., Ltd. This complaint was expressly not resolved by the April 20, 2005 Final Judgment and neither ADOA-Shinwa Development Corp. nor Shinwa Golf Hawai'i Co., Ltd. are parties to this appeal.
[3] The April 20, 2005 judgment was certified under Hawai'i Rules of Civil Procedure Rule 54(b). The Honorable Shackley F. Raffetto entered this judgment.
[4] The Honorable Rhonda Lai Loo heard and orally granted Wailea's August 10, 2004 motion for summary judgment and the Honorable Shackley F. Raffetto signed the order granting Wailea's motion for summary judgment.